**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDWARD OTERO,**

                **Plaintiff,**

**-vs-**                                                      **Case No. 6:04-cv-1865-Orl-28KRS**

**UNITED STATES OF AMERICA, BY AND THROUGH THE DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,**

                **Defendant.**

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNITED STATES OF AMERICA'S MOTION FOR SANCTIONS PURSUANT TO RULE 37(b), [FEDERAL RULES OF CIVIL PROCEDURE] (Doc. No. 18)** |
| **FILED:** | April 19, 2006 |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

**I.    BACKGROUND.**

This motion for sanctions arises out of the persistent failure by Plaintiff Edward Otero and his counsel to respond to discovery requests propounded by Defendant the United States of America.  In December 2005, the United States propounded a set of interrogatories under Federal

Rule of Civil Procedure 33, and a request to produce documents under Rule 34. Following a request by Otero's counsel, the United States agreed to an enlargement of time to respond to discovery. When Otero did not respond within the agreed time, the United States made informal requests for the discovery. Doc. No. 18.

When Otero had not responded by March, 2006, the United States moved for an order compelling discovery. Doc. No. 16. After Otero failed to timely respond to the motion, I granted the motion as unopposed. Doc. No. 17. The order required that on or before April 14, 2006, Otero serve verified answers to the interrogatories and produce for inspection and copying all documents requested. *Id*. It further provided that all objections to the requested discovery, other than for privilege, were waived by failure to assert them in a timely fashion. *Id*.

Otero did not provide the required discovery by April 14. On April 19, the United States filed the present motion for the imposition of sanctions, including dismissal of the action, pursuant to Federal Rule of Civil Procedure 37(b)(2).

Otero responded to the motion for sanctions and represented that all of the requested discovery has been provided to the United States. Doc. No. 19. Otero does not contest the history of dilatory conduct described by the United States, but represents that "the majority of [the failures properly to respond] were due to [Otero's] counsel and were not willful and not meant to ignore the court, but rather occurred as a result of unintentional neglect." *Id*. ¶ 2. Accordingly, Otero requests that the case not be dismissed, but that the Court impose lesser sanctions, if appropriate.

**II.     ANALYSIS.**

Federal Rule of Civil Procedure 37(b)(2) provides, in relevant part, as follows:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . , the court in which the action is pending *may* make such orders in regard to the failure as are just, and among others the following:
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey an order . . . .
> . . . .
> In lieu of any of the foregoing orders or in addition thereto, the court *shall* require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless* the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

*Id*. (emphases added).

Thus, Rule 37 provides two standards for the imposition of sanctions. More severe sanctions, such as dismissing a case or striking out pleadings or defenses, are left to the discretion of the court. *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam). However, expenses, including attorney's fees, are to be awarded unless the court makes a finding that the failure to comply was substantially justified or that such an award would be unjust. *See Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

The Eleventh Circuit has held that the sanctions available under Rule 37 "are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton*,

178 F.3d at 1374. "[D]ismissal [is] the most severe sanction," *id.*, and is appropriate only where the court makes a finding of willfulness or bad faith, *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994), and where "less drastic sanctions would not ensure compliance with the court's orders," *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Inasmuch as the requested discovery has been provided to the United States, Otero has belatedly complied with the Court's orders. Therefore, I conclude that dismissal is not warranted in this case.

However, because Otero has not provided any reason to believe that his failure to comply with his discovery obligations and this Court's orders was substantially justified, or that an award of expenses would be unjust, Rule 37 requires that Otero be ordered to pay the United States' expenses, including attorney's fees, incurred as a result of his failure to comply.

Otero's counsel has represented that the failure to comply in this case is largely his fault, and has conceded that an "appropriate sanction in this case would . . . [be] to issue some sort of order on attorney fees and costs to be paid by . . . counsel and not [Otero]." Doc. No. 19 ¶ 10. Considering the representations made by Otero's counsel, I conclude that it would be appropriate to require counsel to pay the United States' expenses, including attorney's fees, incurred as a result of Otero's failure timely to provide discovery.

It is, therefore, **ORDERED** that, on or before May 19, 2006, counsel for Otero shall pay $500.00 to the United States to compensate it, in part, for the expenses and attorney's fees it has incurred as a result of Otero's failure timely to provide discovery.

**DONE** and **ORDERED** in Orlando, Florida on May 5, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party